# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2018

Lyle W. Cayce
Clerk

No. 16-11395
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CANDACE WHITTEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-115-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Candace Whitten appeals the 120-month sentence imposed following her guilty plea to conspiracy to possess with intent to distribute methamphetamine. She argues for the first time on appeal that the district court erred in refusing to award her a three-level credit for acceptance of responsibility under U.S.S.G. § 3E1.1. Whitten also contends that her below-guidelines sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11395

The argument that the district court erroneously denied Whitten credit for acceptance of responsibility was not raised as an objection below and is therefore reviewed for plain error. *See United States v. Magwood*, 445 F.3d 826, 828 (5th Cir. 2006). To succeed under the plain error standard, Whitten must show an error that is clear or obvious and that affects her substantial rights, but even so, this court will exercise its discretion to correct any error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

Substantial rights are affected when there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks and citation omitted). The original presentence report (PSR) afforded Whitten three levels of credit for acceptance of responsibility when calculating her sentence; it was the addendum to the PSR that later withdrew all credit for that adjustment. Although the district court stated that it was adopting the PSR Addendum's findings and conclusions, it nevertheless calculated Whitten's sentence based on the advisory guideline range found in the original PSR. Whitten therefore received the full benefit of credit for acceptance of responsibility. Moreover, the district court stated that even if it had erred in ruling on the objections to the PSR, it would still impose 120 months of imprisonment. Whitten has not shown a reasonable probability that, but for the alleged error, the outcome of the proceeding would have been different. *See id.* at 1343.

As to whether her below-guidelines sentence is substantively unreasonable, Whitten incorporates her argument that the district court erred in denying her credit for acceptance of responsibility and contends that she

received only one month of credit for the substantial assistance she provided to the Tarrant County prosecutions of Aryan Brotherhood members and associates. This court ordinarily reviews the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Whitten's reasonableness argument is unpersuasive because she demonstrates a fundamental misunderstanding of how her sentence was calculated. The Government's U.S.S.G. § 5K1.1 motion included a request for a three-level departure from the advisory guideline range on account of her substantial assistance. The district court granted the Government's motion. As earlier noted, the district court used the advisory guideline range set forth in the original PSR to calculate Whitten's sentence. When the district court afforded her the three-level adjustment for substantial assistance, the original advisory guidelines range of 168 to 210 months of imprisonment dropped by 47 months, to 121 to 151 months. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). The district court specifically mentioned her assistance in the Tarrant County prosecutions in giving his reasons for the sentence imposed. In light of the preceding, Whitten has not shown that her below-guidelines sentence is unreasonable. *See Gall*, 552 U.S. at 51.

AFFIRMED.